# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES A. MCCARTY,

    Petitioner,

-vs-                                                    Case No. 8:08-cv-1619-T-24TBM
                                                                             8:05-cr-192-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1.) The Government filed a Response in opposition to the motion (Civ. Doc. 13), to which Petitioner filed a Reply (Civ. Doc. 21). The Court held a hearing on the motion on May 22, 2009, at which counsel for Petitioner and counsel for the United States were present. (*See* Doc. 23.)

## BACKGROUND

On February 22, 2006, Petitioner was found guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 39.) On May 23, 2006, this Court sentenced Petitioner to 180 months of imprisonment. (Cr. Doc. 46.) At sentencing, the Court found that Petitioner was an Armed Career Criminal under 18 U.S.C. § 924(e)(1), which provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, . . . such person shall be . . . imprisoned not less that 15 years."

The three predicate offenses triggering the Court's application of the Armed Career

Criminal enhancement were Petitioner's two previous convictions for carrying a concealed firearm and his conviction for possession of cocaine with intent to distribute. (Cr. Doc. 56, p. 39; PSR ¶ 41, 42, 45.) Had Petitioner not been designated an Armed Career Criminal, he would have had a guideline total offense-level of 20, a criminal history category of III, and a 41– to 51–month range of imprisonment. (*See* Cr. Doc. 56, p. 64.) Pursuant to the Armed Career Criminal enhancement, he was scored at an offense-level of 33, a criminal history category of IV, and a 188-205–month range of imprisonment. (PSR 23; Cr. Doc. 56, p. 64.)

Petitioner objected to the classification of carrying a concealed firearm as a "violent felony," for purposes of the Armed Career Criminal enhancement, both at sentencing (Cr. Doc. 56, pp. 39–46), and on appeal (*See* Cr. Doc. 61, p. 7). He lost the argument on both occasions, based on then-existing Eleventh Circuit precedent. (Doc. 56, p. 46; Cr. Doc. 61, pp. 7–8. ) He timely filed the present § 2255 motion on August 14, 2008, asking the Court to vacate, set aside, or correct his sentence and re-sentence him in light of the recent Eleventh Circuit decision in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).

## DISCUSSION

At the time Petitioner was sentenced, Eleventh Circuit precedent clearly classified carrying a concealed firearm as a "violent felony" sufficient to constitute a predicate offense for the Armed Career Criminal enhancement under § 924(e)(2)(B)(ii), which incorporates "conduct that presents a serious potential risk of injury to another." *See United States v. Hall*, 77 F.3d 398, 401 (11th Cir. 1996). However, in April of 2008, the Supreme Court narrowed the applicability of the "violent felony" designation. *Begay v. United States*, 128 S.Ct. 1581 (2008). In response, the Eleventh Circuit ruled that "in light of the Supreme Court's decision in *Begay*,

2

the crime of carrying a concealed firearm may no longer be considered a crime of violence" for purposes of the enhancement. *United States v. Archer*, 531 F.3d at 1352.

A new rule pronounced by the Supreme Court will only apply on collateral review if it is substantive, rather than procedural. *Ross v. United States*, 289 F.3d 677 (11th Cir. 2002). Substantive rules include those that "narrow the scope of a criminal statute by interpreting its terms . . . . Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose on him." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004)(quotation omitted).

Petitioner now moves, in light of the *Archer* decision's interpretation of *Begay*, to have his sentence vacated, arguing that *Archer* applies retroactively and that, given *Archer*'s new classification of "carrying a concealed firearm," Petitioner does not have the requisite number of violent felonies to qualify for the Armed Career Criminal enhancement. The Government agrees with Petitioner's position.[1] (Doc. 13, p. 11.)

The Court finds that the new rule articulated in *Begay* and *Archer* is substantive in that it narrows the scope of § 924(e) by interpreting its terms, making the conduct for which Petitioner

---

[1] The Government originally argued that, based on two additional convictions for possessing cocaine with intent to distribute (*see* PSR ¶ 50–51), Petitioner would qualify as an Armed Career Criminal, even without consideration of his convictions for carrying a concealed firearm. However, at the hearing held by this Court on May 22, 2009, regarding Petitioner's § 2255 motion, the Government conceded that because Petitioner had not been convicted of the two drug offenses prior to committing the firearms offense for which he was sentenced as an Armed Career Criminal, the drug offenses would not qualify as predicate convictions. *See United States v. Richardson*, 166 F. 3d 1360, 1361 (11th Cir. 1999) ("a conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation."). Petitioner violated § 922(g) on September 4, 2004. At that time he did not have the relevant drug convictions.

was sentenced no longer a valid basis for his sentence. Petitioner thus faces "a punishment that the law cannot impose on him." Therefore, the rule should apply retroactively. Because Petitioner was sentenced as an Armed Career Criminal based, in part, on his prior convictions for carrying a concealed firearm, the Court hereby grants Petitioner's § 2255 motion and vacates his sentence.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is GRANTED;

2. The Clerk is directed to close civil case number 8:08-cv-1619-T-24-TBM; and

3. Petitioner will be re-sentenced in criminal case number 8:05-cr-192-T-24-TBM. Sentencing is scheduled for June 5, 2009 at 10:30 AM in Courtroom 14A. Petitioner's presence is required.

DONE AND ORDERED this 22nd day of May, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record